In the Matter of ROBERT D. MACLACHLAN, JR., an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 22, 1978

### APPEARANCES OF COUNSEL

*Robert Roberto, Jr. (John F. McHale, Jr.,* of counsel), for petitioner.

*Robert D. MacLachlan, Jr.,* respondent *pro se.*

*Per Curiam.*

The respondent was admitted to practice by the Appellate Division, First Judicial Department, on March 15, 1966, under the name Robert Douglas MacLachlan, Jr. The petition sets forth six charges of professional misconduct against the respondent. The Justice of the Supreme Court to whom the issues herein were referred has submitted his report, in which he concludes that five of the six charges have been sustained, to wit, charges one, two, three, four and six. The petitioner now moves to confirm the report. The respondent opposes the petitioner's motion and has cross-applied to dismiss the petition or, in the alternative, to transfer the proceeding to the Appellate Division, First Judicial Department, for consideration *de novo.*

After reviewing all of the evidence, we find the respondent guilty of four of the original six charges of misconduct, to wit, charges two, three, four and six. Three of the charges (two, four and six) involved the respondent's failure to co-operate with the petitioner in its investigation of three complaints, by ignoring and failing to respond to numerous written inquiries by the petitioner. Charge three alleged that the respondent obstructed the proper administration of justice in a criminal matter. Regarding that charge, the respondent was representing a defendant charged with assault; a witness to the assault was served with a subpoena to appear before the Grand Jury of Suffolk County in Riverhead, New York, on July 11, 1975 at 10:00 A.M.; respondent met with this witness on the evening of July 10, 1975; at 2:00 A.M. on July 11, 1975, the respondent issued his own subpoena to the witness, returnable at 9:45 A.M. that day in Hauppauge, New York; he instructed the witness to comply with his subpoena since it was returnable earlier in time; the witness met the respondent and the defendant in Hauppauge, New York, on July 11, 1975 in accordance with the respondent's subpoena and remained with the respondent until approximately 11:45 A.M., when the respondent advised the witness that he would take her statement at another time since he could not get a stenographer; the witness did not appear before the Grand Jury in Riverhead, New York, on July 11, 1975 because of her compliance with the subpoena she had received from the respondent.

The petitioner's motion to confirm the report of the Referee is granted to the extent of confirming the findings of guilt as

to the second, third, fourth and sixth charges and of not guilty as to the fifth charge, and the motion is otherwise denied. The respondent's cross application is denied in all respects.

In determining an appropriate measure of discipline, we have taken into consideration the respondent's previously unblemished record. However, the respondent's unprofessional behavior cannot be countenanced. We find that the respondent's issuance of a subpoena under the aforesaid circumstances was inappropriate and his failure to co-operate with the petitioner herein is inexcusable. Accordingly, it is our opinion that the respondent should be, and he hereby is, censured for his misconduct.

HOPKINS, J. P., MARTUSCELLO, LATHAM, DAMIANI and TITONE, JJ., concur.